# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY J. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-132-FHS-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Terry J. Jones requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Sec'y of Health & Human Svcs.*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1]Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born November 11, 1967, and was forty-one years old at the time of the administrative hearing. (Tr. 21, 85). He graduated high school (Tr. 113), and has worked as a plumber and handyman (Tr. 40). He alleges that he has been disabled since July 21, 2007, due to injuries from an auto accident and problems with his stomach, back, ribs, and lungs. (Tr. 99).

## Procedural History

On August 8, 2007, the claimant filed for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His application was denied. ALJ Charles Headrick held an administrative hearing and determined the claimant was not disabled in a written opinion dated October 27, 2009. (Tr. 8-15). The Appeals Council denied review, so the ALJ's written opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant had the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. §§ 416.967(c). (Tr. 10). The ALJ then concluded that the claimant could return to his past relevant work as a plumber and/or handyman. (Tr. 13).

## Review

The claimant's sole contention of error is that the ALJ improperly assessed his

credibility. The undersigned Magistrate Judge finds that the ALJ *did* fail to properly evaluate the claimant's credibility, and the decision of the Commissioner should therefore be reversed.

The relevant medical evidence reveals that the claimant was involved in an automobile accident in July 2007, in which he injured his back and fractured multiple ribs. (Tr. 140). Consultative medical examiner Dr. Adel Malati examined the claimant on December 13, 2007, and Dr. Malati's assessment was that the patient had less than the full range of motion and decreased extension in his neck. (Tr. 149-152). A May 2, 2009 MRI of the claimant's lumbar spine revealed the previous compression deformity from 2007, as well as degenerative disc disease. (Tr. 174). The claimant was treated at Tulsa Family Medicine for his back pain and knee pain. (Tr. 177). On May 21, 2009, he was diagnosed with an old bucket handle tear of medial meniscus. (Tr. 177). Dr. Darnell Blackmon, an orthopedic surgeon, recommended arthroscopic surgery of the claimant's knee, which the claimant agreed to. (Tr. 204). The surgery was performed June 15, 2009. (Tr. 223). At his July 14 follow-up examination, Dr. Blackmon noted that he lacked approximately three degrees of the full range of motion. (Tr. 244).

The claimant testified at the July 2009 administrative hearing that he last worked in 2008 or 2009, but could not remember which one. (Tr. 25). He explained that the last time he "really, really worked was before" his accident in 2007, but that he had worked more recently for his mother, "supervising" a cousin who was doing some plumbing work. (Tr. 23-25). As to his physical impairments, he testified that his neck and back caused frequent pain, that he can lean back in an office chair all day but that sitting

upright caused pain after approximately forty-five minutes. (Tr. 29). He stated that the pain he felt was a constant throbbing in the middle and lower parts of his back, that he had recently had surgery on his knee that caused him problems getting in and out of bed, and that he had a hernia that only bothered him if he specifically did something he knew would aggravate it. (Tr. 30-31). He stated that he could lift no more than 40 pounds, but could not do that all day long, and that he mostly sits in an office chair all day long. (Tr. 32-33). The claimant's mother also testified at the hearing, stating that she had observed her son having problems with lifting, sitting, standing, and walking, and that she had purchased a hospital bed for the claimant because of his back pain. (Tr. 37).

The ALJ summarized the testimony of the claimant and his mother, then stated, "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 14). The ALJ then summarized the medical evidence and found that "objective findings . . . support the claimant's allegations of back and knee pain," but that "the medical evidence supports the claimant's medium [RFC]." (Tr. 13).

Deference is generally given to an ALJ's credibility determination, unless there is an indication that the ALJ misread the medical evidence taken as a whole. *See Casias*, 933 F.2d at 801. In assessing a claimant's complaints of pain, an ALJ may disregard a claimant's subjective complaints if unsupported by any clinical findings. *See Frey v.*

*Bowen*, 816 F.2d 508, 515 (10th Cir. 1987). But credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. A credibility analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4 (July 2, 1996). The ALJ's credibility determination fell below these standards.

First, the ALJ mentioned but did not discuss the credibility factors set forth in Social Security Ruling 96-7p and 20 C.F.R. § 416.929, and further failed to apply them to the evidence.[2] He was not required to perform a "formalistic factor-by-factor recitation of the evidence[,]" *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), but "simply 'recit[ing] the factors'" is insufficient, *Hardman*, 362 F.3d at 678, *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186 at *4, and the ALJ did not even do that.

Second, the comment that "[t]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment" showed an improper approach to credibility. The ALJ should have *first* evaluated the claimant's credibility according to the above guidelines and only *then* formulated an appropriate RFC, not the

---

[2] The factors to consider in assessing a claimant's credibility are: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken; (5) treatment for pain relief aside from medication; (6) any other measures the claimant uses or has used to relieve pain or other symptoms; (7) any other factors concerning functional limitations. Soc. Sec. Rul. 96-7p at 3, 1996 WL 374186 (July 2, 1996).

other way around; instead, the ALJ apparently judged the claimant's credibility according to an already-determined RFC. Additionally, the ALJ erred when finding that none of the claimant's physicians characterized him as disabled, since that finding is the province of the ALJ, not the claimant's physicians. *See Bibbs v. Apfel*, 3 Fed. Appx. 759, 762 (10th Cir. 2001) (noting, "[T]he fact that none of the doctors may have stated directly that claimant is permanently disabled is legally irrelevant. . . . "[i]t therefore would be inconsistent with the regulations to require the doctor to state such a conclusion.").

Finally, the ALJ failed to properly address the claimant's mother's testimony. Social Security Ruling 06-03p ("SSR 06-03p") provides the relevant guidelines for the ALJ to follow in evaluating "other source" opinions from non-medical sources who have not seen the claimant in their professional capacity. *See* Soc. Sec. Rul. 06-03p, 2006 WL 2329939. Soc. Sec. Rul. 06-03p states, in part, that other source opinion evidence should be evaluated by considering the following factors: (i) nature and extent of the relationship; (ii) whether the evidence is consistent with other evidence; and (iii) any other factors that tend to support or refute the evidence. Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *6. The ALJ instead made a general statement as to testimony by family members, stating, "the possibility always exists that a relative may express an opinion in an effort to assist a claimant with whom he or she sympathizes for one reason or another. Another reality which should be mentioned is that claimants can be quite insistent and demanding in seeking supportive notes or reports from their relatives, who might honor such a request in order to satisfy their relative's requests and avoid unnecessary family tension." (Tr. 11-12). *See Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989)

("[W]here the record on appeal is unclear as to whether the ALJ applied the appropriate standard by considering all the evidence before him, the proper remedy is reversal and remand.").

Because the ALJ failed to properly analyze the claimant's credibility, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. On remand, the ALJ should properly analyze *all* of the evidence, and if such analysis requires any adjustment to the claimant's RFC on remand, the ALJ should re-determine what work he can perform, if any, and whether he is disabled.

## Conclusion

In summary, the undersigned Magistrate Judge PROPOSES a finding by the Court that correct legal standards were not applied and that the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge therefore RECOMMENDS that the Commissioner of the Social Security Administration's decision be REVERSED and the case REMANDED to the ALJ for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 7th day of September, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma